*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

### ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-217

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| Cheryl L. Letourneau and<br>Christopher Letourneau | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Civil Division |
| | } | |
| Joseph M. Salomone, M.D. | } | DOCKET NO. S67-10 Fc |

Trial Judge: Ben W. Joseph

In the above-entitled cause, the Clerk will enter:

Plaintiffs, husband and wife, appeal from the trial court's order granting summary judgment to defendant on their medical malpractice and loss of consortium claims. We affirm.

Plaintiffs filed suit against defendant in February 2010. They alleged that plaintiff Christopher Letourneau had undergone a laparoscopic left inguinal hernia repair with mesh and that, as a result of the repair, Mr. Letourneau suffered significant denervation of the left quadriceps muscle caused by damage to his femoral nerve. Plaintiffs did not produce any expert testimony to support this claim. After fourteen months of discovery, the court granted defendant's motion for summary judgment, finding that plaintiffs failed to produce any evidence to support a finding of medical malpractice. This appeal followed.

We review a grant of summary judgment using the same standard as the trial court. Richart v. Jackson, 171 Vt. 94, 97 (2000). Summary judgment is appropriate "when, taking all allegations made by the nonmoving party as true, there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." Id.; V.R.C.P. 56(c). "Summary judgment is mandated under the plain language of V.R.C.P. 56(c) where, after an adequate time for discovery, a party 'fails to make a showing sufficient to establish the existence of an element' essential to his case and on which he has the burden of proof at trial." Poplaski v. Lamphere, 152 Vt. 251, 254-55 (1989) (citation omitted). Summary judgment was appropriately granted to defendant here.

Under 12 V.S.A. § 1908, to establish a medical malpractice claim against defendant, plaintiffs needed to prove: "(1) the degree of care ordinarily exercised by a reasonably skillful, careful, and prudent health care professional engaged in a similar practice under the same or similar circumstances; (2) [t]hat the defendant . . . failed to exercise this degree of care; and (3) [t]hat as a proximate result of . . . the failure to exercise this degree of care plaintiff suffered injuries that would not otherwise have been incurred." "Except where the alleged violation of the standard of care is so apparent that it can be understood by a layperson without the aid of

medical experts, the burden of proof imposed by § 1908 requires expert testimony." <u>Provost v. Fletcher Allen Health Care, Inc.</u>, 2005 VT 115, ¶ 12, 179 Vt. 545, 547 (mem.).

Plaintiffs failed to meet their burden of proof here. Plaintiffs' identification of expert witnesses was not sufficient to meet their burden of proof, as they appear to suggest, nor was there a "genuine issue of material fact" regarding the production of expert witnesses. Plaintiffs were afforded ample time for discovery–fourteen months–and they failed to produce the expert testimony necessary to support their medical malpractice claim. Even assuming <u>arguendo</u> that a modified form of the doctrine of res ipsa loquitur applies to medical malpractice actions, plaintiffs produced no expert testimony that would support an inference that defendant was negligent, and no layperson would be capable of making such an inference given the complicated surgery at issue here. See <u>Connors v. Univ. Assocs. in Obstetrics and Gynecology, Inc.</u>, 769 F. Supp. 578, 580-81 (D. Vt. 1991) (discussing doctrine of res ipsa loquitur in medical malpractice context). Finally, it is immaterial whether the court issued a discovery scheduling order. See V.R.C.P. 16.2 (stating that court "may" enter scheduling order). It is undisputed that fourteen months of discovery occurred, and plaintiffs failed to produce any expert testimony to support their allegation of medical malpractice. Given this, their claim of loss of consortium also fails. Summary judgment was properly granted to defendant.

<u>Affirmed</u>.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Brian L. Burgess, Associate Justice

2